**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CIJO ENTERPRISES, LLC,
A Florida limited liability company

Plaintiff,

Case No.

v.

RED LINE PLASTICS, LLC d/b/a
REDLINE PLASTICS, a Wisconsin limited
liability company

Defendants

_______________________________________/

**DEFENDANT RED LINE PLASTICS, LLC'S NOTICE OF REMOVAL**

Defendant Red Line Plastics, LLC (hereinafter, "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Rule 1.06, hereby removes this action from the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, on the following grounds:

**BACKGROUND**

1. On April 8, 2026, Plaintiff filed a Complaint in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida, captioned *CIJO ENTERPRISES, LLC, a Florida Limited Liability Company, Plaintiff v. RED LINE PLASTICS, LLC d/b/a Redline Plastics, a Wisconsin Limited Liability Company, Defendant*, Case Number 2026-CA-000435 (the "Complaint").

2. On April 28, 2026, Plaintiff's counsel sent a copy of the Complaint via email to Defendant's counsel requesting that counsel accept service.[1]

3. This Court has jurisdiction over this removed action under 28 U.S.C. § 1441 because this action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]

## DIVERSITY OF CITIZENSHIP IS SATISFIED

4. Complete diversity of citizenship exists because Plaintiff is a citizen of Florida and Defendant is a citizen of Wisconsin. *See* 28 U.S.C. § 1332(a).

5. For diversity purposes, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

---

[1] Counsel for Defendant did not accept service, and Defendant has not yet been properly served with the Complaint—Defendant removes this action within 30 days of receiving informal notice in an abundance of caution. Defendant maintains that the 30-day removal clock has not yet started given the lack of formal service to date. *See OG Group LLC v. American Zurich Insurance Co.*, 2023 WL 11882998, at *2 (S.D. Fla. Oct. 17, 2023) ("[D]istrict courts have uniformly rejected the argument … that simply emailing a copy of the complaint, unaccompanied by formal service, can trigger the 30-day removal clock under § 1446(b).") (collecting cases).

[2] Defendant's Terms and Conditions of Sale contain a mandatory forum selection clause requiring that any litigation be brought exclusively in the Courts of the State of Wisconsin located in Brown County, or the courts of the United States located in the Eastern District of Wisconsin – Green Bay Division. Defendant expressly reserves its right to file a motion to transfer to the Eastern District of Wisconsin upon removal. *See, e.g.*, *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("A defendant dissatisfied with venue after removal may, however, seek a transfer to another division or district under federal law.") (citing 28 U.S.C. § 1404(a)).

6. Plaintiff is a Florida limited liability company with its principal place of business in Florida. (Complaint, ¶ 2.) As reflected in the Florida Division of Corporations website (sunbiz.org) and Plaintiff's Annual Report dated March 18, 2026, the sole member of Plaintiff is Jeremy Olson, a citizen of Florida. *See* Composite **Exhibit "A."** Plaintiff is therefore a citizen of Florida.

7. Defendant is a Wisconsin limited liability company with its principal place of business in Wisconsin. (Complaint, ¶ 3). The sole member of Defendant is CMW Holding Company, which is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant is therefore a citizen of Wisconsin.

8. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

9. Complete diversity of citizenship therefore exists because Plaintiff is not a citizen of any of the same states as Defendant. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

10. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case because the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).

11. Under § 1446(a), to satisfy the amount in controversy requirement, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

*Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Mangano v. Garden Fresh Rest. Corp.*, No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 574 U.S. at 89). The defendant does not need to provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 574 U.S. at 87. Rather, *Dart* instructs that the plaintiffs' and defendants' allegations should be accepted if made in good faith. *See id.*; *see also* 28 U.S.C. 1446(c)(2).

12. Although Plaintiff has not alleged a specific amount in controversy in the Complaint, the Complaint alleges that "[t]his case involves claims for damages ***in excess*** of $50,000.00" (Complaint, ¶ 1) and Plaintiff's state court Civil Cover Sheet, indicates that the monetary amount of Plaintiff's claims is in excess of $100,000.00. *See* **Exhibit "B."**[3]

13. In addition, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. *See Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 & 770 (11th Cir. 2010). The plaintiff's allegations can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754.

[3] In accordance with Local Rule 1.06, Defendant is simultaneously filing a copy of each paper docketed in the state court, including the Civil Cover Sheet.

14. Here, although Defendant denies that Plaintiff is entitled to any monetary relief whatsoever, Plaintiff has asserted, and Defendant believes in good faith, that Plaintiff has placed into controversy an amount that exceeds $75,000, exclusive of interest and costs.

15. Specifically, Plaintiff alleges that it "incurred substantial costs related to the repair and replacement" of the allegedly defective barricades at issue. (Complaint, ¶ 33.) In addition, Plaintiff alleges that it "was forced to deplete its inventory to send replacement barricades to the site" and "was also forced to direct [its] time and manpower to repair the project." (*Id.*, ¶ 34.) Finally, Plaintiff alleges that it "suffered reputational harm with one of its biggest clients, [WW Clyde & Co.]" (*Id.*, ¶ 35.)

16. Prior to filing the Complaint, Plaintiff sent a demand letter to Defendant asserting that its ***direct damages*** exceeded $75,000.00, which amount did not include ***additional damages*** allegedly resulting from its lost profits and reputational harm.[4]

17. Considering the extent of Plaintiff's allegations of injury and its own representations as to the extent of its alleged damages, it is apparent that the

[4] Defendant is not attaching the referenced demand letter or describing the exact dollar figures (apart from the fact that Plaintiff requested an amount in excess of the $75,000 jurisdictional threshold) because Plaintiff asserted that the letter was a confidential settlement communication. *See, e.g.*, *Kensington Walk Master Ass'n, Inc. v. Everest Nat'l Ins. Co.*, No. 20-81338-CV, 2020 WL 9071423, at *2 (S.D. Fla. Dec. 21, 2020) (rejecting plaintiff's argument that case should be remanded back to state court where removing defendant relied on confidential settlement communications to establish amount in controversy, noting that "the Eleventh Circuit has implicitly found that a court may consider settlement offers in determining whether the amount-in-controversy requirement is met.") (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)).

amount that Plaintiff has placed in controversy exceeds $75,000, and therefore meets the jurisdictional threshold. *See* 28 U.S.C. § 1332(a)(1).

18. Accordingly, the amount in controversy requirement is satisfied, which renders this matter properly removable under 28 U.S.C. §§ 1332 and 1441(b).

## PROCEDURAL COMPLIANCE

19. This Notice of Removal is timely because it was filed within 30 days after receipt by Defendant of a copy of the initial pleading setting for the claims for relief upon this action is based.[5]

20. The unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) is satisfied because Defendant is the only defendant in this action.

21. Removal to the Ocala Division of this Court is appropriate under Local Rule 1.06(a) because the action was filed in Hernando County, Florida.

22. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all the process, pleadings, orders and papers on file with the state court in this action have been uploaded through the CM/ECF E-Filing Portal.

23. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being served on Plaintiff's counsel and filed with the state court clerk contemporaneously with the filing of this Notice of Removal.

WHEREFORE, Defendant Red Line Plastics, LLC, by and through its undersigned counsel, respectfully removes this action now pending against it in

[5] *See supra* Note 1.

the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida, Case Number 2026-CA-000435, to the United States District Court for the Middle District of Florida, Ocala Division.

**CERTIFICATE OF SERVICE – CM/ECF**

I HEREBY CERTIFY that on May 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the *CM/ECF* system.

*/s/ Scott A. McLaren*

Scott A. McLaren, Esq. - ***LEAD COUNSEL***
Florida Bar No. 414816
Carolina Y. Blanco, Esq.
Florida Bar No. 98878
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Telephone: 813-221-3900
Email: scott.mclaren@hwhlaw.com
Email: carolina.blanco@hwhlaw.com
Secondary: jaime.schill@hwhlaw.com
Secondary: penny.lalonde@hwhlaw.com
*Attorneys for Defendant Red Line Plastics, LLC*